IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| **PINNACLE FINANCIAL PARTNERS AS CONSERVATOR AND GUARDIAN AD LITEM OF JANE DOE, A MINOR CHILD,** **AND** **MOTHER AND FATHER DOE** Plaintiffs, vs. **ANITA RICHARDSON AND PICKENS COUNTY SCHOOL DISTRICT,** Defendants. | CASE NO: 8:18-cv-02584-DCC **COMPLAINT** (Jury Trial Demanded) |

NOW COMES, Pinnacle Financial Partners as conservator and guardian ad litem of Jane Doe[1], a minor child, and separately Mother and Father Doe (hereinafter "Plaintiffs") complaining, by and through their attorney Joshua Slavin, of Defendant Anita Richardson (hereinafter "the Assistant Principal") and Defendant Pickens County School District (hereinafter "the School District"), referred to collectively as the "Defendants," and would allege and show this Honorable Court the following:

JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives district courts original jurisdiction over (1) any civil action authorized by law to be brought

---

[1] "Jane Doe" and "Mother and Father Doe" have been substituted for Plaintiffs names for all causes of action brought through this Complaint. Jane Doe was a minor at the time of the sexual assault and aftermath complained of herein.

by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal protection of citizens or of all persons within the jurisdiction of the United States; and (2) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

3. This Court also has supplemental jurisdiction over associated state law claims pursuant to 28 U.S.C. § 1367, which gives district courts jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

4. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(b) because the events that gave rise to the claims in this Complaint occurred in this district.

## THE PARTIES

5. Jane Doe is a female and was a minor of the age of seven (7) at the time the events that gave rise to this action began.

6. Jane Doe is a citizen and resident of Pickens County, South Carolina.

7. Pinnacle Financial Partners was appointed on July 19, 2018 by the Pickens County Probate Court as conservator and guardian ad litem of Jane Doe for purposes of this matter.

8. Mother and Father Doe are residents and citizens of Pickens County, South Carolina.

9. Defendant Pickens County School District is a public educational institution located in Pickens County, South Carolina.

10. At all material times, Defendant Assistant Principal Anita Richardson, in her official and individual capacities, worked within Pickens County, South Carolina.

11. At all material times, the Assistant Principal was an employee of the School District acting or failing to act within the scope, course, and authority of her employment with her employer.

12. At all material times, Jane Doe's attacker, "Male Student L," was a student attending the School District's schools.

## FACTUAL BACKGROUND

13. At all material times, the School District was a recipient of federal funding, as contemplated by Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.* ("Title IX").

14. At the time of the incidents complained of herein, Jane Doe was a seven-year-old female student at McKissick Elementary School ("McKissick Elementary), which is a part of the Pickens County School District.

15. Prior to the incidents complained of herein, Jane Doe was a well-behaved student with no significant disciplinary record.

16. At the time of the incidents complained of herein, Male Student L was a student at McKissick Elementary.

17. Upon information and belief, Male Student L applied and was accepted to "School Choice," a South Carolina program that allows students to transfer between schools in a district at the permission and discretion of the school district.

18. Upon information and belief, Male Student L had a history of behavioral problems.

19. Upon information and belief, Defendants were aware of Male Student L's history of behavioral problems.

20. Upon information and belief, both Jane Doe and Male Student L rode the #8 bus to and from school.

21. Upon information and belief, the #8 bus driver and monitor routinely failed to perform job duties related to monitoring and keeping students safe on the bus.

22. Upon information and belief, Defendants had prior knowledge, actual or constructive, of the #8 bus driver and monitor failing to perform their job duties.

23. Upon information and belief, Defendant did not correct the job duty failures of the #8 bus driver and monitor.

24. On or about October 18, 2016, Male Student L sexually assaulted Jane Doe on bus #8.

25. Male Student L pushed Jane Doe into the corner of a seat.

26. Male Student L pulled Jane Doe's pants down.

27. Male Student L attempted to perform oral sex on Jane Doe.

28. Jane Doe did not consent to Male Student L's actions and did not want him to do those things.

29. School District, by and through its employees, failed to monitor and supervise Jane Doe, Male Student L, and other students on the #8 bus on October 18, 2016.

30. The #8 bus driver and/or monitor reprimanded Jane Doe for what happened to her.

31. The Defendants had a duty to inform students' parents of incidents involving their children within a reasonable length of time.

32. Following this sexual assault, the Defendants delayed informing Mother and Father Doe of what happened to Jane Doe for three days.

33. Following this sexual assault, the School District, by and through the Assistant Principal, took Jane Doe alone into a room and interrogated Jane Doe, blamed her for what happened, told her she was at fault in allowing this sexual assault to happen to her, and told her that she consented to it.

34. Legally, a seven-year-old child cannot consent to engage in sexual acts.

35. Jane Doe, in fact, did not want Male Student L to sexually assault her.

36. Upon information and belief, the Assistant Principal lacked the skills and training to interview a child victim of sexual assault.

37. Improper or unskilled questioning of a child victim of sexual assault poses the risk of additional or increased harm on the emotional and psychological well-being of the child.

38. The Assistant Principal's improper and unskilled questioning of Jane Doe did, in fact, cause additional harm to Jane Doe's emotional and psychological well-being.

39. The Defendants did not offer for Jane Doe to see a guidance counselor until three weeks after she was sexually assaulted.

40. The Defendants were reckless in their response to this sexual assault and acted in an extreme and outrageous manner, causing further mental, emotional, and psychological injury to Jane Doe.

41. In the manner in which Defendant informed Mother and Father Doe, the Defendants were reckless and acted in an extreme and outrageous manner, causing further emotional and psychological injury to Jane Doe and Mother and Father Doe.

42. Following this sexual assault, Jane Doe was the victim of teasing by other students about the sexual assault.

43. Following this sexual assault, the Defendants failed to separate Male Student L from Jane Doe.

44. Following this sexual assault, the Defendants threatened Jane Doe with punishment if she went near Male Student L.

45. Following this sexual assault, the Defendants allowed Male Student L to make further physical contact with Jane Doe.

46. As a direct result of Male Student L's ongoing presence and interaction with Jane Doe, Jane Doe suffered further mental, emotional, and psychological damage.

47. The Defendants' response to the sexual assault on Jane Doe is separate and distinct from the actual sexual assault committed by Male Student L.

48. Following Male Student L's sexual assault on Jane Doe and the Defendants' responses to it, Mother and Father Doe applied to transfer Jane Doe to another elementary school within the district through the School Choice program.

49. The School District denied Mother and Father Doe's School Choice transfer request.

50. The School District's denial of Mother and Father Doe's School Choice transfer request had a retaliatory motive against Jane Doe.

51. The School District is responsible for adopting and implementing policies, procedures, and customs to prevent sexual assault and for how to respond when a sexual assault is committed on its premises against one of its students.

52. The School District is responsible for training employees on sexual harassment, including sexual assault, and Title IX procedures and requirements.

53. The School District is responsible for ensuring that all of its employees are trained and supervised to perform their jobs.

54. The School District is responsible for the acts and omissions of its employees committed within the course and scope of employment.

55. The School District enacted a policy for Harassment, Intimidation, and Bullying.

56. The School District's Harassment, Intimidation, and Bullying policy prohibits retaliation or reprisal in any form against a student who reports sexual harassment.

57. The School District's Harassment, Intimidation, and Bullying policy states that employees have a responsibility to know and respect the policies, rules, and regulations of the school and district.

58. The School District's Harassment, Intimidation, and Bullying policy states that "[a]ny student or employee who is found to have engaged in the prohibited actions as outlined in this policy will be subject to disciplinary action, up to and including expulsion in the case of a student or termination in the case of an employee."

59. Male Student L engaged in actions prohibited by the School District's Harassment, Intimidation, and Bullying policy.

60. No disciplinary action was taken against Male Student L.

61. The Assistant Principal was responsible for deciding disciplinary action against Male Student L.

62. The Assistant Principal engaged in actions prohibited by the School District's Harassment, Intimidation, and Bullying policy.

63. No disciplinary action was taken against the Assistant Principal related to the allegations contained herein.

64. The School District's Harassment, Intimidation, and Bullying policy states that it is intended to, among other things, discourage employees "from subjecting students to unlawful harassment, intimidation, or bullying on the basis of …sex…" and to "[e]ffectively and appropriately address all harassment, intimidation, or bullying that is reported or observed."

65. The Assistant Principal violated the School District's Harassment, Intimidation, and Bullying policy by taking Jane Doe into a room alone and interrogating her about the sexual assault and explicitly and implicitly telling Jane Doe it was her fault.

66. The Defendants violated the School District's Harassment, Intimidation, and Bullying policy in multiple other ways.

67. The Assistant Principal possessed final policymaking authority for McKissick Elementary in matters relevant to the allegations herein.

68. The Assistant Principal had final decision making authority in deciding how to respond to the sexual assault on Jane Doe.

69. The School District accepts the Assistant Principal's statements and decisions in response to the sexual assault on Jane Doe.

70. The School District manifested a deliberate indifference to its employees' failure to follow its Harassment, Intimidation, and Bullying policy.

71. The School District provided inadequate training and/or supervision of its employees as related to its Harassment, Intimidation, and Bullying policy.

72. The School District's failure to adequately train and/or supervise its employees as related to its Harassment, Intimidation, and Bullying policy amounted to deliberate indifference to the fact that inaction would result in a violation of Jane Doe's rights.

73. The School District and the Assistant Principal have acted and continue to act in a negligent, grossly negligent, callous, reckless, extreme, and outrageous manner toward Jane Doe, causing further mental, emotional, and psychological injury to her.

74. As a result of the sexual assault, Jane Doe sustained emotional and psychological injuries.

75. As a result of the Defendants' response to the sexual assault, Jane Doe sustained emotional and psychological injuries.

76. As a result of the sexual assault, Jane Doe required therapy.

77. As a result of the Defendant's response to the sexual assault, Jane Doe required therapy.

78. As a result of the sexual assault, Jane Doe missed school to attend therapy.

79. As a result of the Defendant's response to the sexual assault, Jane Doe missed school to attend therapy.

80. As a result of the sexual assault, Jane Doe developed regressive behaviors and problems at school.

81. As a result of the Defendants' response to the sexual assault, Jane Doe developed regressive behaviors and problems at school.

82. The sexual assault and the Defendants' response to it interfered with Jane Doe's education.

### FIRST CAUSE OF ACTION: VIOLATION OF TITLE IX AS TO DEFENDANT PICKENS COUNTY SCHOOL DISTRICT

83. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

84. The sex-based harassment articulated above was so severe, pervasive, and objectively offensive that it deprived Jane Doe of access to educational opportunities or benefits provided by the school.

85. The Defendant School District created and/or subjected Plaintiff to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a) because:

    a. Jane Doe was a member of a protected class;

    b. The School District had actual knowledge of Male Student L's history of behavioral problems;

    c. The School District's knowledge of Male Student L's history of behavioral problems put it on notice that he posed a substantial risk;

    d. The School District allowed the #8 bus monitor to sleep and/or play on her cell phone instead of monitoring children on the bus;

e. As a result of the School District's choices, Jane Doe was subjected to sexual harassment in the form of a sexual assault by another student;

f. The sexual assault committed by Male Student L against Jane Doe was so severe that it barred her access to educational opportunities and benefits;

g. Following the sexual assault, the School District failed to remove Male Student L from Jane Doe's presence for a period of at least several days, barring her access to educational opportunities and benefits;

h. Following the sexual assault, the Assistant Principal's interrogation of Jane Doe and continued harassing presence around Jane Doe barred Jane Doe's access to educational opportunities and benefits;

i. The School District's lack of policies and procedures, or failure to follow them, amounted to and/or caused a violation of Title IX and Jane Doe's Title IX rights;

j. The School District's response to the sexual assault against Jane Doe amounted to deliberate indifference, differential treatment, discrimination, and/or retaliation against Jane Doe;

k. The School District's response to the sexual assault amounted to and caused a violation of Title IX and Jane Doe's rights thereunder;

l. The School District's actions and failures to act created a hostile educational environment for Jane Doe.

86. Jane Doe has suffered damages, including interference with her educational opportunities, as a direct and proximate result of the School District's violations of her rights under Title IX.

## SECOND CAUSE OF ACTION: § 1983 VIOLATION AS TO DEFENDANTS PICKENS COUNTY SCHOOL DISTRICT AND ANITA RICHARDSON

87. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

88. Under the Fourteenth Amendment of the United States Constitution, Jane Doe had the right as a public school student to personal security, bodily integrity, and Equal Protection under the law.

89. Defendants Pickens County School District and Assistant Principal Anita Richardson were state actors acting under the color of state law at the time of the incidents complained of herein.

90. Defendants, the School District and the Assistant Principal each, subjected Jane Doe to violations of her right to personal security, bodily integrity, and Equal Protection under the law by:

   a. failing to protect Jane Doe from a student known to pose a substantial risk to other students;

   b. blaming her, as a seven-year-old child, for the sexual assault that was committed against her;

   c. failing to appropriately investigate the sexual assault;

   d. failing to protect Jane Doe from further contact with Male Student L;

   e. failing to have adequate policies to protect Jane Doe from and respond to sexual assaults;

   f. failing to train employees how to properly respond to instances of sexual assault;

   g. failing to take prompt and appropriate steps to address the effects of the sexual assault on Jane Doe;

h. failing to take effective steps to protect Jane Doe as necessary;

i. failing to provide a grievance procedure for students and parents of students to file complaints of sexual discrimination, including complaints of sexual assault;

j. failing to notify Mother and Father Doe within a reasonable amount of time of the sexual assault on their daughter;

k. manifesting a deliberate indifference to the risk posed by sexual harassment, including sexual assault, by not adopting and following adequate policies and procedures;

l. manifesting a deliberate indifference to the sexual assault against Jane Doe;

m. manifesting differential treatment, discrimination, and/or retaliation against Jane Doe following the sexual assault against her.

91. The School District and Assistant Principal were negligent, grossly negligent, reckless, willful, and wanton in violating and/or failing to protect Jane Doe's constitutional rights.

92. The School District's policies, practices, actions, and/or failures to act constituted disparate treatment of Jane Doe and had a disparate impact on Jane Doe.

93. The Assistant Principal is, or was at the time of the events complained of herein, a policymaker for the School District.

94. Jane Doe has suffered damages as a direct and proximate result of the Defendants' deliberate indifference to her rights under the Fourteenth Amendment of the United States Constitution.

### THIRD CAUSE OF ACTION: NEGLIGENCE AND/OR GROSS NEGLIGENCE

95. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

96. The School District assumed a duty to Plaintiffs to protect the safety and best interests of Jane Doe while she attended school and rode the school bus.

97. The School District owed a duty to Plaintiffs to monitor students on the bus to protect Jane Doe from sexual assault.

98. The School District owed a duty to Plaintiffs to inform Mother and Father Doe of the sexual assault on Jane Doe shortly after learning of it.

99. The School District owed a duty to Plaintiffs to handle and respond to this sexual assault in a manner that would not cause further emotional or psychological harm to Jane Doe.

100. After Jane Doe was sexually assaulted by Male Student L, the School District owed a duty to Plaintiffs to protect Jane Doe from further contact with Male Student L.

101. The School District was negligent, grossly negligent, reckless, willful, and/or wanton in the following particulars:

   a. In failing to enact rules, policies, or procedures regarding monitoring and supervision of students it transports, including Jane Doe;

   b. In failing to follow its own rules, policies, or procedures regarding monitoring and supervision of students it transports, including Jane Doe;

   c. In failing to follow the South Carolina School Bus Driver's Handbook regarding the monitoring and supervision of students being transported, including Jane Doe;

   d. In failing to train employees on monitoring and supervision of students on buses;

   e. In failing to monitor and supervise students on bus #8;

   f. In failing to correct employees' violations of Defendant's rules, policies, or procedures on bus #8;

   g. In failing to prevent school buses from being used for sexual assaults by students;

   h. In allowing Male Student L to sexually assault Jane Doe while on the school bus;

i. In failing to provide safe transportation services to Jane Doe;

j. In failing to inform Mother and Father Doe of the sexual assault on their daughter, Jane Doe, for three days;

k. In failing to train employees on how to respond to a sexual assault on a young student and how to handle and treat that young student;

l. In questioning Jane Doe about this sexual assault while she was all alone, without the consent of Mother or Father Doe, and without the help or guidance of a trained professional;

m. In accusing and blaming Jane Doe for the sexual assault that was committed against her;

n. In continuing to treat and interact with Jane Doe as though this sexual assault was her fault.

o. For negligent hiring, training, operation, and/or retention.

102. As a direct and proximate result of the above-referenced acts of the School District, and as alleged herein, Jane Doe has required mental, emotional, and psychological treatment, suffered and continues to suffer lasting mental and emotional harm that has caused, and in the future will cause, her to suffer one or more of the following damages:

   a. Physical pain and suffering;

   b. Mental anguish;

   c. Emotional distress;

   d. Impairment of health and bodily efficiency;

   e. Loss of sleep;

   f. Inability to concentrate;

   g. Lost educational opportunities

h. Substantial expense for medical, psychological, and mental therapy services;

   i. Future mental health care;

   j. And any and all other damages provable at the trial of this case.

103. As a direct and proximate result of the above-referenced acts of the School District, and as alleged herein, Mother and Father Doe have suffered, and will continue to suffer, emotional and psychological harm that has caused, and in the future will cause, them to suffer one or more of the following damages:

   a. Mental anguish;

   b. Emotional distress;

   c. Substantial expense for medical, psychological, and mental therapy services, and the transport of Jane Doe thereto;

   d. Future mental health care;

   e. And any and all other damages provable at the trial of this case.

## FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

104. The allegations above and below are incorporated by reference into this cause of action to the extent they are not inconsistent with the following.

105. The School District, with negligence, gross negligence, recklessness, and/or intent inflicted severe emotional distress, or was certain or substantially certain such distress would result by its acts and omissions in allowing this sexual assault to occur as well as in its immediate and ongoing response to it.

106. The School District's conduct of waiting three days to inform Mother and Father Doe of what happened to Jane Doe, questioning Jane Doe, blaming Jane Doe, and treating Jane Doe as though she were to blame for this assault, both in the presence and outside the

presence of Mother and Father Doe, was so extreme and outrageous so as to exceed all possible bounds of decency, was atrocious, and was intolerable in a civilized society.

107. The School District's conduct was the direct and proximate cause of Plaintiffs' severe physical and emotional pain and suffering that no child or parent should reasonably be expected to endure.

WHEREFORE, Plaintiffs pray for a judgment against Defendant for actual damages, punitive damages, attorneys' fees, costs of this action, and such other and further relief as the court and jury shall deem just and proper.

Respectfully submitted:

THE LAW OFFICES OF JOSHUA E. SLAVIN

/s/Joshua Slavin
Joshua E. Slavin
746 Wakendaw Blvd
Mount Pleasant, SC 29464
Phone: 843-619-7338
Fax: 888-246-8914
Email: josh@attorneycarolina.com
Fed ID: 12602
Attorney for the Plaintiff

September 20, 2018
Mount Pleasant, South Carolina