IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Pinnacle Financial Partners as Conservator and Guardian ad Litem for Jane Doe, a minor child, and Mother and Father Doe,<br><br>Plaintiffs,<br><br>vs.<br><br>Anita Richardson and Pickens County School District,<br><br>Defendants. | C.A. No. 8:18-cv-02584-DCC<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Pickens County School District and Anita Richardson, by and through the undersigned counsel, hereby respond to the Complaint of Plaintiffs in accordance with the numbered paragraphs thereof, as follows:

## JURISDICTION AND VENUE

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted

## THE PARTIES

5. Admitted.

6. Admitted.

7. Denied for lack of information.

8. Admitted.

9. Admitted.

10. Admitted.

11. Defendants admit that Defendant Richardson was an employee acting within the scope of her employment at all times relevant to the complaint.

12. Defendants admit only that Male Student L was a student enrolled in the Defendant District at all times relevant to the complaint. Any remaining allegations are denied.

## FACTUAL BACKGROUND

13. Admitted.

14. Admitted.

15. Admitted.

16. Admitted.

17. Denied as stated. Defendants admit only that Male Student L participated in the Defendant District's school choice program. Any remaining allegations are denied.

18. Denied.

19. Denied.

20. Admitted.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied as stated. Defendants admit only that the minor Plaintiff's pants were pulled down slightly but deny that Male Student L was solely responsible for the partial movement of the pants. Any remaining allegations are denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied as stated. The Defendants admit only that the driver and/or monitor addressed both the minor Plaintiff and Male Student L at the time the incident occurred.

31. Denied as stated. Defendants admit only that they informed both sets of parents about the incident in a timely manner.

32. Denied.

33. Denied.

34. Admitted.

35. Denied as stated. Defendants deny that Male Student L sexually assaulted the minor Plaintiff, and any intention of the minor Plaintiff is denied for lack of knowledge.

36. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. Defendants deny the remaining allegations.

37. Denied as stated. Defendants deny that the minor Plaintiff was a "child victim of sexual assault," was subjected to "improper or unskilled questioning," or suffered any emotional or psychological harm.

38. Denied.

39. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. Defendants admit only that Defendant Richardson offered counseling services approximately three weeks after the incident occurred. Any remaining allegations are denied.

40. Denied.

41. Denied.

42. Denied upon information and belief.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

47. This paragraph states no facts which Defendants are required to admit or deny. To the extent a response may be required, Defendants deny that Male Student L committed a sexual assault or that Defendants harmed Plaintiffs.

48. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. Defendants admit only that months after the incident occurred, Mother and Father Doe applied to transfer the minor Plaintiff and her brother to another school through the school choice program.

49. Admitted in part and denied in part. Defendants admit only that the minor Plaintiff and her brother were denied a transfer based on attendance records. Defendants further allege that the minor Plaintiff and her brother were permitted to attend another school through the school choice program effective January 2018.

50. Denied.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted in part and denied in part. Defendants admit only that the School District is responsible for tortious acts of its employees committed within the course and scope of employment, subject to the South Carolina Tort Claims Act and exceptions to liability set forth therein. Defendants deny any actionable act or omission by any District employee.

55. Admitted.

56. Admitted.

57. Admitted.

58. Admitted.

59. Admitted.

60. Denied.

61. Denied as stated. Defendants admit only that as an assistant principal one of Defendant Richardson's job responsibilities includes making decisions about student discipline issues in conjunction with others.

62. Denied.

63. Admitted.

64. Admitted.

65. Denied.

66. Denied.

67. Denied

68. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied.

69. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied.

70. Denied.

71. Denied.

72. Denied.

73. Denied.

74. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

75. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

76. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

77. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

78. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

79. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

80. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

81. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

82. Denied as stated. Defendants deny that the minor Plaintiff was sexually assaulted. All other allegations are denied for lack of information.

## FIRST CAUSE OF ACTION: VIOLATION OF TITLE IX AS TO DEFENDANT PICKENS COUNTY SCHOOL DISTRICT

83. Defendants incorporate by reference their responses to paragraphs 1 through 82 of the Complaint.

84. Denied.

85. Denied, including all subparts.

86. Denied.

## SECOND CAUSE OF ACTION: § 1983 VIOLATION AS TO DEFENDANTS PICKENS COUNTY SCHOOL DISTRICT AND ANITA RICHARDSON

87. Defendants incorporate by reference their responses to paragraphs 1 through 86 of the Complaint.

88. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required, the allegations are admitted.

89. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required, the allegations are admitted.

90. Denied, including all subparts.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

THIRD CAUSE OF ACTION: NEGLIGENCE AND/OR GROSS NEGLIGENCE

95. Defendants incorporate by reference their responses to paragraphs 1 through 94 of the Complaint.

96. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required, Defendants admit only that their duties toward students and others are controlled by the South Carolina Tort Claims Act.

97. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required, Defendants admit only that their duties toward students and others are controlled by the South Carolina Tort Claims Act.

98. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required, Defendants admit only that they notified the parents of the incident in a timely manner. Defendants admit only that their duties toward students and others are controlled by the South Carolina Tort Claims Act.

99. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required. To the extent a response may be required, admit only that their duties toward students and others are controlled by the South Carolina Tort Claims Act.

100. This paragraph states legal conclusions as to which no response is required. To the extent a response may be required. To the extent a response may be required, admit only that their duties toward students and others are controlled by the South Carolina Tort Claims Act.

101. Denied, including all subparts.

102. Denied, including all subparts.

103. Denied, including all subparts.

## FOURTH CAUSE OF ACTION: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

104. Defendants incorporate by reference their responses to paragraphs 1 through 103 of the Complaint.

105. Denied.

106. Denied.

107. Denied.

108. Defendants deny that Plaintiffs are entitled to the relief requested in the Complaint or any other recovery from Defendants.

109. Defendants deny each and every other allegation of the Complaint except those specifically admitted herein.

## FIRST AFFIRMATIVE DEFENSE

Defendant District and Ms. Richardson are immune from liability under Section 15-78-60(5) of the Tort Claims Act because Plaintiffs' alleged injuries resulted, if at all, from Defendants' exercise of discretion or judgment or Defendants' performance or failure to perform an act or service that is in its or her discretion or judgment.

## SECOND AFFIRMATIVE DEFENSE

Defendant District and Ms. Richardson are immune from liability under Section 15-78-60(25) of the Tort Claims Act because Plaintiffs' alleged injuries resulted, if at all, from an exercise of Defendants' responsibility or duty to supervise, protect, and control its students and/or employees, and Defendants did not exercise this responsibility or duty in a grossly negligent matter.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are subject to the South Carolina Tort Claims Act's limitations and immunities with respect to causes of action and liability, including §§15-78-40, and -70.

**FOURTH AFFIRMATIVE DEFENSE**

Defendant Richardson is entitled to have this action dismissed on the grounds of qualified immunity. Defendant Richardson acted with a reasonable, good faith belief in the lawfulness and constitutionality of her actions, and the alleged wrongful conduct did not violate clearly settled law or established rights. The conduct of Defendant Richardson was lawful, justified, and made in good faith.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims for punitive damages are subject to, limited by, and governed by the due process clause of the United States Constitution.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs failed to mitigate their damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

Defendants plead as a further bar to and limitation on this action each and every provision of the South Carolina Tort Claims Act, including the limitations on damages and the exceptions to the waiver of sovereign immunity.

**EIGHTH AFFIRMATIVE DEFENSE**

At all times relevant to the Complaint, Defendant Richardson acted within the scope of her employment and official duties and is immune from individual liability under the South Carolina Tort Claims Act.

**NINTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiffs seek recovery under 42 U.S.C. § 1983, their claims are barred because no official policy or custom of Defendant School District played any part in the alleged constitutional violation, which is expressly denied.

## TENTH AFFIRMATIVE DEFENSE

Any injury claimed to have been sustained by Plaintiffs was not proximately caused by an act of Defendants, but rather was due to the intervening, independent, and intentional act of a third person; said act being the sole, proximate and direct cause of Plaintiffs' alleged injuries, for which Defendants are not liable.

WHEREFORE, having fully answered the Complaint, Defendants respectfully pray that the Court dismiss Plaintiffs' claims against them, with all costs and expenses awarded to Defendants, together with any and all further relief that the Court deems equitable and just

Respectfully submitted,

HALLIGAN MAHONEY WILLIAMS SMITH
FAWLEY & REAGLE, PA

By: s/ Thomas K. Barlow
Allison Aiken Hanna, Fed. I.D. No. 7173
ahanna@hmwlegal.com

Thomas K. Barlow, Fed. I.D. No. 7483
tbarlow@hmwlegal.com

P.O. Box 11367
Columbia, South Carolina 29211
(803) 254-4035

Attorneys for Defendants

October 18, 2018

Columbia, South Carolina