IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| PINNACLE FINANCIAL PARTNERS AS CONSERVATOR AND GUARDIAN AD LITEM OF JANE DOE, A MINOR CHILD, AND MOTHER AND FATHER DOE<br><br>Plaintiffs,<br>vs.<br><br>ANITA RICHARDSON AND PICKENS COUNTY SCHOOL DISTRICT,<br><br>Defendants. | CASE NO: 8:18-cv-02584-DCC<br><br><br>PLAINTIFFS'<br>LOCAL RULE 26.03 ANSWERS |

**TO: THE UNITED STATES DISTRICT COURT**

Plaintiffs submit the following Local Civil Rule 26.03 report.

(1) A short statement of the facts of the case.

**ANSWER: On October 18, 2016, Plaintiff Jane Doe was riding the bus home from school when she was sexually assaulted by male student; the male student pulled Jane Doe's pants and/or underwear down and attempted to or did kiss her privates. Jane Doe did not consent to the male student's actions. It is believed the male student has a history of behavioral problems. The next day, Defendant Assistant Principal Anita Richardson chose not to inform Plaintiffs Mother and Father Doe, but instead interrogated Jane Doe and told her, among other things, that this was her fault. Defendant School District did not inform Plaintiffs Mother and Father Doe for three days. Defendants continued to retaliate against Jane Doe in various ways—including telling her she would have to "walk laps" if she went near the male student again and asking her if she would behave better and stop having problems—creating a hostile educational environment for Jane Doe.**

(2) The names of fact witnesses likely to be called by the party and a brief summary of their expected testimony.

**ANSWER:**

- **Plaintiff Jane Doe will testify to the subject incidents and the bases for her claims for damages.**
- **Plaintiffs Mother and Father Doe will testify to the subject incidents and the bases for her claims for damages.**
- **Conservator Pinnacle Financial Partners will testify to their role as conservator for Plaintiff Jane Doe.**
- **Defendant Anita Richardson will testify to the subject incidents.**
- **#8 School bus driver will testify to the subject incidents.**
- **#8 School bus monitor will testify to the subject incidents.**
- **McKissick Elementary's Student Resource Officer will testify to school policies and procedures.**
- **Defendant Pickens County School District's Title IX officer will testify to school policies and procedures.**
- **Victoria Tate of Julie Valentine Center will testify to Plaintiff Jane Doe's claims for damages**

(3) The names and subject matter of expert witnesses (if no witnesses have been identified, the subject matter and field of expertise should be given as to experts likely to be offered).

**ANSWER: Plaintiffs expect to call some or all of Jane Doe's therapist(s) as expert(s) to testify to causation and damages. Plaintiffs expect to also call an expert on Title IX requirements and best practices.**

(4) A summary of the claims or defenses with statutory and/or case citations supporting the same.

**ANSWER:**

- **South Carolina Tort Claims Act S.C. Code 15-78-20** *et seq.*

- **Negligent Supervision:** *Moore v. Berkeley County Sch. Dist.*, 326 SC 584

- **Gross Negligence:** *Steinke v. SC Dep't of Labor, Licensing and Regulation*, 336 S.C. 373 (1999)

- **Intentional Infliction of Emotional Distress:** *Todd v. South Carolina Farm Bureau Mutual Insurance Co.*, 283 S.C. 155, 321 S.E.2d 602 (Ct. App. 1984), *rev'd on other ground*, 287 S.C. 190, 336 S.E.2d 472 (1985); *Upchurch v. New York Times Co. [d/b/a/ Spartanburg Herald]*, 314 S.C. 531, 431 S.E.2d 558 (1993)

- **Title IX 20 U.S.C. § 1681;** *Ostrander v. Duggan*, 341 F.3d 745, 750 (8th Cir. 2003); *Vance v. Spencer County Public School District*, 231 F.3d 253 (2000); *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167; *Warren v. Reading Schol Dist.*, 82 F.Supp.2d 395, 399 (E.D.Pa.2000); *Papelino v. Albany Coll. of Pharmacy*, 633 F.3d 81, 91 (2d Cir. 2011)

- **42 U.S.C. § 1983;** *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658 (1978); *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246 (2009); *Father Doe 246 v. Berkeley County School District and James Spencer*, 189 F.Supp.3d 573 (2016)

- **Attorney's fees: 42 U.S.C. § 1988 and § 1983**

(5) Absent special instructions from the assigned judge, proposed dates for the following deadlines listed in Local Civ. Rule 16.02 (D.S.C.):

Exchange of Fed. R. Civ. P. 26(a)(2) expert disclosures.
**ANSWER: The parties' proposed Consent Amended Scheduling Order proposes Plaintiffs' expert disclosures will be due <u>March 1, 2019</u> and Defendnats' expert disclosures will be due <u>April 1, 2019</u>.**

Completion of discovery.
**ANSWER: The parties' proposed Consent Amended Scheduling Order proposes the close of discovery will be <u>June 14, 2019</u>.**

Any special circumstances that would affect the time frames applied in preparing the scheduling order. See generally Local Civ. Rule 16.02(C) (D.S.C.) (Content of Scheduling Order).
**ANSWER: None.**

Any additional information requested in the Pre-Scheduling Order (Local Civ. Rule 16.01 (D.S.C.)) or otherwise requested by the assigned judge.
**ANSWER: None.**

**THE LAW OFFICES OF JOSHUA E. SLAVIN**

/s/ Joshua E. Slavin
Joshua E. Slavin
746 Wakendaw Blvd
Mount Pleasant, SC 29464
Phone: 843-619-7338
Fax: 888-246-8914
Email: josh@attorneycarolina.com
Fed Bar ID: 12602
Attorney for the Plaintiff

December 3, 2018
Mount Pleasant, SC

<u>Certificate of Service</u>

I hereby certify that on December 3, 2018 I delivered or mailed a true copy of the foregoing pleading(s) to each party or counsel of record.