# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

|   |   |
|---|---|
| Pinnacle Financial Partners as Conservator and Guardian ad Litem for Jane Doe, a minor child, and Mother and Father Doe,<br><br>Plaintiffs,<br><br>vs.<br><br>Anita Richardson and Pickens County School District,<br><br>Defendants. | Civil Action No. 8:18-cv-02584-DCC<br><br>**ORDER APPROVING SETTLEMENT** |

This matter comes before the Court upon the Verified Petition for Approval of Minor Settlement of Petitioner Pinnacle Financial Partners as Conservator and Guardian ad Litem for Jane Doe, a minor child, ("Petitioner"), and Mother and Father Doe, seeking approval of a compromise settlement of all claims and causes of action of it and the minor child, Jane Doe, against Anita Richardson and the School District of Pickens County ("Richardson" and "SDPC"). After consideration of the Petition and all attached documents and representations made by the parties, the Court makes the following findings:

1. On or about September 20, 2018, Petitioner commenced this action in the United States District Court for the District of South Carolina, entitled *Pinnacle Financial Partners as Conservator and Guardian ad Litem of Jane Doe, a minor child, and Mother and Father Doe vs. Anita Richardson and Pickens County School District.*

2. This Court has subject-matter jurisdiction over the action pursuant to 28 U.S.C. § 1331, which gives district courts jurisdiction over all civil actions arising under the Constitution, laws, and treaties of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343,

which gives district gives original jurisdiction over (1) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any State Law, statute, ordinance, regulation, custom, or usage, of any right, privilege or immunity secured by the Constitution of the United State or by any Act of Congress providing for equal protection of citizens or of all persons within the jurisdiction of the United States; and (2) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights. All the parties are properly before the Court, and no questions exist as to misjoinder or nonjoinder of parties.

3.     This action arises out of events which occurred on or about October 18, 2016, when Plaintiff Jane Doe and Male Student L were second grade students in the SDPC. Both students were seven years old. Both Jane Doe and Male Student L rode the same school bus.

4.     On the bus ride home on October 18, 2016, Male Student L allegedly pulled down the back of Jane Doe's pants and kissed her on her backside near her underwear line. The bus driver reported the incident to her supervisor upon the conclusion of her route.

5.     Ms. Richardson met with Jane Doe on October 20, 2016, and questioned her about the incident. Petitioner contended that Ms. Richardson's questioning caused trauma and emotional distress to Jane Doe. Male Student L began attending a different school the following week. As such, he no longer attended the same school or rode the same bus as Jane Doe, who continued to ride the bus for the rest of the school year. Plaintiffs alleged emotional and mental injuries are based on the conduct of Male Student L and Ms. Richardson's interview of Jane Doe, which Defendants denied.

6.     Jane Doe did not receive any medical treatment as a result of the claims asserted but received counseling/psychological treatment as a result of the claims asserted in this litigation. *See*, ECF #95-4 Declaration of Victoria Tate.

2

7.     Petitioner and Jane Doe's parents filed suit against Defendants, in which they asserted claims for a hostile environment under Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681, *et seq.*; 42 U.S.C. § 1983; gross negligence and intentional infliction of emotion distress.

8.     While denying any liability to Plaintiffs, Defendants have agreed to settle any alleged claims arising out of or in relation to the events that are the subject of this lawsuit.  Because the claims of a minor are being settled, this settlement is subject to the approval of this Court pursuant to Federal Rule of Civil Procedure 17 and Local Civil Rule 17.02.

9.     It appears that due consideration has been given to the advisability of accepting the proposed settlement offer of Three Hundred Thousand Dollars and no/100 cents ($300,000.00), to be paid as outlined in the Verified Petition.  Petitioner has recommended to the Court that the settlement as outlined in the attached Verified Petition be approved.

10.    Upon reading and carefully considering the Verified Petition and the attached exhibits, and upon seeing, observing, and interviewing Petitioner, I have concluded that the proposed settlement is fair and just, is in the best interests of the minor child, Jane Doe, and that the same should be approved. In accordance with Local Rule 17.03, total costs and fees for Petitioner's counsel of One Hundred Thirty Two Thousand, Eight Hundred Forty One Dollars and Fifty Six Cents ($132,841.56) are approved and will be disbursed from the settlement.  It is further approved and ordered that Fifteen Thousand Dollars ($15,000) as a Custodial Parent Allocation (S.C. Code § 62-5-103) will be disbursed to Mother and Father Doe for their claims.  The remainder will be paid for the benefit of Jane Doe in accordance with the periodic payment schedule set forth in Exhibit D to the Verified Petition.

IT IS THEREFORE ORDERED that the settlement as set forth in the Verified Petition is hereby approved and that upon payment and receipt of the sum of Three Hundred Thousand Dollars and no/100

cents ($300,000.00) as set forth in the Verified Petition and Settlement Agreement and Release of All Claims ("Release"), Petitioner is authorized and directed to execute the Release fully and completely discharging Anita Richardson and the School District of Pickens County, their successors, predecessors, assigns, affiliates, parent companies, subsidiaries, shareholders, officers, directors, agents, insurers, attorneys, and employees, of and from any and all claims, past, present, and future, known and unknown, which Petitioner and the minor child, Jane Doe, have, or may in the future be entitled to have, on account of the matters set forth in the Complaint and Verified Petition.

This is not an Order for Judgement, but merely an approval of the settlement as provided by the Federal Rules of Civil Procedure and the Local Civil Rules for the District of South Carolina.  IT IS ORDERED that the Clerk of Court shall not enter this as a money judgment.

**IT IS SO ORDERED.**

s/Donald C. Coggins, Jr.
Donald C. Coggins, Jr.
United States District Judge

April 27, 2021
Spartanburg, South Carolina